UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Lon W. Cripps and Deborah E. Cripps,

    Debtors.
_____/

LON W. CRIPPS, DEBORAH E.
CRIPPS and DIETRICH LAW FIRM,

    Appellants,

v.

BARBARA P. FOLEY,
*Chapter 13 Trustee*,

    Appellee.
_____/

Case No. 1:16-cv-744

HON. JANET T. NEFF

## OPINION

Appellant Dietrich Law Firm ("Dietrich Law") appeals from an order of the Bankruptcy Court approving in part and denying in part Dietrich Law's application for attorney fees in connection with its representation of the Debtors in their Chapter 13 bankruptcy. Having considered the parties' appellate briefs and the record, the Court finds oral argument unnecessary. "[T]he facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FED. R. BANKR. P. 8019. The Court affirms the decision of the Bankruptcy Court.

## I. Facts

On June 22, 2010, the Debtors, Lon W. Cripps and Deborah E. Cripps (the "Cripps" or "Debtors") filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code. Appellant Dietrich Law represented the Cripps in their bankruptcy case.

The Debtors' Chapter 13 plan provided for the full payment of general secured creditors over a period of sixty months. *In re Cripps*, 549 B.R. 836, 842 (Bankr. W.D. Mich. 2016). On November 6, 2015, the Trustee issued her notice/letter to the Debtors concerning completion of the Chapter 13 plan, and on the same date issued a notice of final cure of mortgage payments. *Id.* at 842-43. The payroll orders, by which Debtors had made the required payments to their Chapter 13 case by payroll deductions, were terminated by the Bankruptcy Court on November 9, 2015. *Id.* at 843, n.6.

On December 7, 2015, the Trustee filed a report of plan completion, and the Debtors filed their certificate regarding domestic support obligations. Two days later, on December 9, 2015, Dietrich Law filed its final fee application,[1] seeking an additional $686.60 in fees and expenses, which was later limited to $642.60 by agreement of the parties. *Id.* at 843-44, n.8.

The Trustee filed an objection to the fee application on December 16, 2015, contending that the court should not award Dietrich Law compensation to be paid as an administrative expense because the application was untimely in light of the letter to the Cripps, the report of plan completion, and the imminent entry of the discharge. *Id.* at 843. Further, Dietrich Law's delay in filing the application would prejudice the Cripps by impairing their fresh start and/or precluding the entry of their discharge. *Id.* at 843-44.

---

[1]The Trustee notes that Dietrich Law's four previous applications for fees and costs were approved in the amount of $13,167.72.

On January 13, 2016, during the pendency of the instant fee matter, the Bankruptcy Court entered a Discharge in the Cripps' case. *Id.* at 843.

Following oral argument on Dietrich Law's pending application for fees, the Bankruptcy Court took the matter under advisement. *Id.* at 844. On May 13, 2016, the Bankruptcy Court issued an Opinion and Order approving in part and denying in part the fee application. The court awarded compensation in the amount of $642.60 pursuant to 11 U.S.C. § 330(a), but determined that the compensation awarded shall not be paid as an administrative expense under 11 U.S.C. § 503, and was discharged pursuant to 11 U.S.C. §§ 524(a) and 1328(a) (Dkt 11-2 at PageID.118).[2] The Order also stated that "nothing contained herein shall preclude the Debtors from voluntarily satisfying the compensation awarded herein pursuant to 11 U.S.C. § 524(f)."

Dietrich Law now appeals the Bankruptcy Court's decision on its fee request.

## II. Legal Standard

"The bankruptcy court has broad discretion in determining the amount of attorneys' fees, and the award may be reversed only on a showing that the bankruptcy judge abused its discretion." *Solomon v. Wein (In re Huhn)*, 145 B.R. 872, 874-875 (W.D. Mich. 1992). "An abuse of discretion occurs only when the bankruptcy court fails to apply the proper legal standard and procedure in making the fee determination or bases the award on clearly erroneous findings." *Id.*

The bankruptcy court's conclusions of law are reviewed *de novo*. *Rowell v. Chase Manhattan Auto. Fin. Corp. (In re Rowell)*, 359 F. Supp. 2d 645, 647 (W.D. Mich. 2004). Issues of statutory interpretation are questions of law, and are thus subject to review *de novo*. *Mitan v.*

---

[2] The parties' citations to the record do not coincide with those of this Court; the record citations herein refer to this Court's docket.

*Duval (In re Mitan)*, 573 F.3d 237, 241 (6th Cir. 2009); *ITT Indus. v. BorgWarner, Inc.*, 506 F.3d 452, 457 (6th Cir. 2007). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

### III. Analysis

Appellant Dietrich Law seeks the reversal of the Bankruptcy Court's decision and a remand so that an order may enter allowing the awarded fees to survive discharge. Dietrich Law argues that (1) no statute or court rule establishes a definite deadline to submit a fee application; and (2) allowed attorney fees are not discharged under the Bankruptcy Code. Accordingly, the Bankruptcy Court erred in denying Dietrich Law's fee application and request to be paid as an administrative expense because the application was timely filed and the awarded compensation survives discharge. Upon review of the Bankruptcy Court's reasoning and rulings, the Court finds no error of law that warrants reversal. The Bankruptcy Court's decision was a proper exercise of its discretion based on the circumstances of the case.

### A. Timeliness

Dietrich Law emphasizes that no Bankruptcy Code section, Federal Rule of Bankruptcy Procedure, or local court rule establishes a definite deadline to submit a fee application in a Chapter 13 case. *See In re Fricker*, 131 B.R. 932, 940 (Bankr. E.D. Pa. 1991). Because there is no deadline, the fee application was timely and the awarded compensation should be allowed as an administrative expense. Thus, the Bankruptcy Court erred in determining that the application was untimely.

The Bankruptcy Court thoroughly considered the timeliness of Dietrich Law's administrative fee request in a detailed analysis of the governing legal authority and the specific case

circumstances—both the Cripps' bankruptcy case plan provisions and Dietrich Law's actions. *In re Cripps*, 549 B.R. at 849-60. It is noteworthy that in the same opinion, the Bankruptcy Court conducted a similarly thorough analysis of the same issues concerning Dietrich Law's fee request in a separate Chapter 13 bankruptcy case, *In re Mears*, No. 11-11505 (Bankr. W.D. Mich.), under different circumstances, reaching a different result. The Bankruptcy Court's analysis in this case was well-reasoned and accords with the law and the facts, which the Bankruptcy Court observed present some "fairly complex issues." *In re Cripps*, 549 B.R. at 864. As explained subsequently, Dietrich Law's arguments provide no valid challenge to the Bankruptcy Court's conclusion that the administrative fee request was untimely under the circumstances presented.

Dietrich Law argues that since no statute or court rule establishes a definite deadline to submit a fee application and Bankruptcy Rule 2016(a) provides a procedure to obtain court approval of requests for compensation and reimbursement of expenses, the court can approve a fee application filed pursuant to Rule 2016(a) even though the underlying bankruptcy case has been dismissed. *In re Fox*, 140 B.R. 761, 765 (Bankr. D. S.D. 1992). And it does not matter if a plan has completed, the discharge has entered, and/or if there are no funds on hand for the trustee to disburse.

Dietrich Law cites several case holdings for the proposition that the Bankruptcy Court here still had the "ability" to award the fee application as an administrative claim. *See*, *e.g.*, *In re Sweports, Ltd.*, 777 F.3d 364, 365 (7th Cir. 2015) (the question presented "is the authority of a bankruptcy judge to make an award of fees after dismissal of the bankruptcy proceeding and the consequent revesting of the assets of the debtor's estate in the debtor").[3] However, the question is

---

[3]In *In re Sweports*, the court noted that there is a critical difference between an entitlement to fees and ordering payment of fees. *In re Sweports*, 777 F.3d at 366. "It's true that with the bankruptcy dismissed the bankruptcy judge could no longer disburse assets of the debtor's estate to

not whether the Bankruptcy Court had the ability or the "power" to award the attorney fees, but whether the award of the fees as an administrative expense was mandated, as Dietrich Law implicitly argues. The cases cited by Dietrich Law offer no support for the latter proposition, particularly given the differing case circumstances.

In analyzing the timeliness issue, the Bankruptcy Court noted it had the "inherent authority to establish a deadline for filing requests for awards of compensation." *In re Cripps*, 549 B.R. at 849 (citing *In re Alda*, 464 B.R. 61 (6th Cir. BAP 2010) (table decision) (citations omitted)). The court declined, however to impose a deadline in the context of the cases before it. "[N]o section of the Bankruptcy Code or any applicable rule *explicitly* establishes a deadline for the filing of requests for administrative expenses." *Id.* at 850. "[A]bsent any explicit or implicit directive in the Bankruptcy Code or an applicable rule, bankruptcy courts have the inherent authority under section 503(a) and section 105(a) to establish the time by which a request for an administrative expense must be made." *Id.* And "even where the Bankruptcy Code or an applicable rule provides an explicit or implicit deadline, the court may, 'for cause,' allow a tardily filed request for an administrative expense. *Id.* (citing 11 U.S.C. § 503(a)).

The Bankruptcy Court concluded that although the "request for compensation" from Dietrich Law was timely, the separate request for an "administrative expense" was not. *In re Cripps*, 549 B.R. at 851. The court acknowledged Dietrich Law's argument that no deadline exists under the Bankruptcy Code or any applicable rule for a fee application that requests allowance of an

---

anyone; it had no assets; it was defunct. But the judge could determine that Wolf had a valid claim to a fee in the amount he was seeking. Such a ruling would create a debt of Sweports to Wolf, and if Sweports refused (as Wolf expects it would) to pay, he could, like any other creditor, sue Sweports in state court. *Id.* at 366-67.

administrative expense. The court found this argument only partly correct. While there is no deadline for a professional to seek an award of compensation, there is an *implicit* deadline that results from various sections of Chapter 13, which "when considered together, require that a request for an administrative expense be made, at the latest, prior to completion of plan payments." *Id.* at 851-52. Reviewing those interrelated provisions of the Bankruptcy Code, and the timing requirements, *id.* at 852-53, along with the terms of the Cripps' confirmed plan, the court found it clear that Dietrich Law's request for an administrative expense was untimely. *Id.* at 853.

As summarized by the Trustee, the Cripps' Chapter 13 plan stated that "additional attorney fees as may be allowed are to be paid as an administrative expense" via Trustee disbursement. Dietrich Law's request to have the allowed compensation paid as an administrative expense via Trustee disbursement pursuant to 11 U.S.C. § 503 was not timely because the bankruptcy case was completed. *See In re Cripps*, 549 B.R. at 856-60. The fees thus could not be paid as provided in the Cripps' Chapter 13 plan. Because Dietrich Law knew that the end of the Cripps' bankruptcy case was fast approaching; because of the numerous implicit deadlines for filing an administrative expense claim found in the Bankruptcy Code itself; because the prejudice that would be suffered by the Cripps was greater than that which would be suffered by Dietrich Law; and because the application for compensation was filed after the completion of payments under the terms of the Chapter 13 plan, the Bankruptcy Court found the request for an administrative expense, which had to be "paid through the Plan," futile at the time it was filed. *In re Cripps*, 549 B.R. at 853-860. Thus, it was untimely.[4]

___

[4]Dietrich Law noted in its brief before the Bankruptcy Court that the delay with respect to the filing of its application was attributable to the inexperience of a billing clerk who had only recently been hired. *See In re Cripps*, 549 B.R. at 844, 851. The Bankruptcy Court observed that

As a result, the administrative claim presented for the attorney compensation was not allowed.  It could not be treated in the manner provided for by the Cripps' Chapter 13 plan, and it was too late to make additional payments or amend the Chapter 13 plan to treat the administrative claim in a different manner.  Dietrich Law's reference to contrary holdings in other cases, under different circumstances, is immaterial and does not undermine the Bankruptcy Court's analysis based on the facts and circumstances of the Cripps' bankruptcy case.

Likewise, Dietrich Law's argument that it "was and is agreeable to a different treatment under Section 1322(a)(2) by waiving the right to full payment through the Debtors' Plan and having the awarded compensation survive discharge" is immaterial (Dkt 13 at PageID.300).  The Bankruptcy Court considered and rejected Dietrich Law's argument under § 1322(a)(2).[5]  The Court noted that under the Cripps' confirmed plan, Dietrich Law *did not* agree to different treatment of its priority claim, and the plan remains binding unless modified.  *In re Cripps*, 549 B.R. at 856 (citing11 U.S.C. § 1327(a)).  "The terms of a confirmed plan may be modified only after court approval."  *Id.* (citing 11 U.S.C. § 1329(b)(2)).  The Bankruptcy Court noted that plan was not modified, nor could it be modified because all payments have been completed.  *Id.* (citing 11 U.S.C. § 1329(a)).  Further, Dietrich Law could not "unilaterally alter the terms of the confirmed plan by announcing in a reply brief to a fee application that it has elected a different treatment."  Thus, Dietrich Law's reliance on § 1322(a)(2) was unavailing.  *Id.*

---

due to the inexperience of the billing clerk, Dietrich Law inexcusably failed to request its administrative expense before the Cripps' plan completion, failed to take any curative action, and instead "neglected to request an administrative expense until it was simply too late."  *Id.* at 859.

[5]The plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."  11 U.S.C. § 1322(a)(2).

The Bankruptcy Court's reasoning was sound, as was the ultimate basis for determining the fees untimely where the plan payments were complete, there were no funds in the estate from which to pay Dietrich Law, nor would there be any in the future. *Id.* at 855.

### B.  Discharge

Dietrich Law further challenges the Bankruptcy Court's conclusion that the fee approved by the court was discharged.  Dietrich Law argues that even though the Debtors' plan is unable to pay the awarded compensation, the Bankruptcy Court could, and did, determine that Dietrich Law had a valid claim to the compensation and award the $642.60.  However, the court further ordered that the awarded compensation was discharged pursuant to 11 U.S.C. §§ 524 and 1328(a), thus preventing Dietrich Law from requesting payment from the Debtors.

Dietrich Law states that there is relatively little case law on the issue of approved attorney fees surviving discharge in a Chapter 13 case, and the published opinions on this issue are split.  But even if the discharge provisions apply, only prepetition debts are subject to discharge through bankruptcy, and here, the awarded fees were incurred after the Debtors filed for bankruptcy, and, therefore, they are post-petition debt not subject to the Discharge Order.

As with the issue of timeliness, Dietrich Law's arguments establish no error requiring reversal of the Bankruptcy Court's decision concerning discharge.  The court considered the applicable law and reasonably concluded that the fee award did not survive discharge for several reasons.  *In re Cripps*, 549 B.R. at 861-63.  Dietrich Law failed to request in its application that its fees and expenses survive discharge.  *Id.* at 861.  The Cripps have completed payments under their plan and the discharge has entered; their plan could not, as a matter of law, be modified to provide

9

that the fee awarded shall survive discharge. *Id.* at 862 (citing 11 U.S.C. §§ 1328(a), 1329(a)). Under no circumstances are the Debtors personally liable to Dietrich Law post-discharge. *Id.*

And, of particular relevance to Dietrich Law's argument on appeal, the court held that fees and expenses of an attorney for a debtor in a Chapter 13 case are not post-petition claims under § 1305(a)(2). *Id.* at 863. Dietrich Law acknowledges there is no conclusive, controlling case authority on this issue. The Bankruptcy Court noted that the majority of the courts that have considered the post-petition claim argument have rejected it. *Id.* (citing *In re Phillips*, 219 B.R. 1001 (Bankr. W.D. Tenn .1998); *In re Ryder*, 358 B.R. 794, 798 n.11 (Bkrtcy. N.D. Cal. 2005); *In re Hanson*, 223 B.R. 775, 778 (Bankr. D. Or. 1998)). That Dietrich Law cites cases reaching a different result reflects no error in the Bankruptcy Court's reliance on the reasoning of *In re Phillips*, *In re Ryder*, and *In re Hanson*. Dietrich Law's efforts to distinguish those cases are unavailing. Other courts continue to find the reasoning of these cases persuasive. *See*, *e.g.*, *In re Conner*, 559 B.R. 526, 531 (Bankr. D. N.M. 2016) (relying on the reasoning of *In re Hanson* and cases similarly holding that attorney fees are discharged if the plan provides for them and the fee application is not submitted until after plan payments are completed).

Finally, Dietrich Law contends that the case circumstances and policy support a conclusion that the fee award is not discharged. For instance, it makes practical sense for a debtor to have one nominal obligation survive discharge as opposed to numerous claims against the debtor had counsel not provided representation to obtain a discharge. Additionally, "[h]aving awarded compensation be discharged" is a hardship on attorneys representing debtors in Chapter 13 cases, and could be considered a windfall to the debtors, and to hold otherwise would have a "chilling effect" on the willingness of attorneys to represent Chapter 13 debtors (Dkt 13 at PageID. 303-304). Such general

10

considerations do not override the Bankruptcy Court's sound reasoning for discharge under the Bankruptcy Code and the specific circumstances of this case.

### IV. Conclusion

At the outset of its thorough decision in this case, the Bankruptcy Court observed that in deciding the issues before it, "the court must strike a delicate balance between a debtor's fresh start and an attorney's right to reasonable compensation for necessary and beneficial services rendered at the end of a case." *In re Cripps*, 549 B.R. at 841-42. The Bankruptcy Court did so. Its reasoning and decision are sound under the applicable authority and the circumstances presented. Accordingly, the decision of the Bankruptcy Court is affirmed. An Order will be entered consistent with this Opinion.

Dated: March 31, 2017                             /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge